DAVID CARLSON, WSBA #35767
DISABILITY RIGHTS WASHINGTON
315 Fifth Avenue South, Suite 850
Seattle, WA 98104
(206) 324-1521

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>PENRITH FARMS, JAMES BREWSTER and SHERRY BREWSTER, and STEVEN A. CARRERAS,<br><br>Defendants. | No. _____<br><br>COMPLAINT |

COMES NOW the plaintiff by and through its attorney, and as for its cause of action against the defendants, states and alleges as follows.

## I.  PRELIMINARY STATEMENT

1.  This action seeks injunctive and declaratory relief to enjoin defendant Penrith Farms from restricting or interfering with full, complete, and meaningful access of Disability Rights Washington (hereinafter "DRW") to those individuals with disabilities in the State of Washington, or where applicable, their legal guardians, who reside or receive treatment and services at Penrith Farms, or have

COMPLAINT - 1

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

within the past four months. Such access is mandated by the Developmental Disabilities Assistance and Bill of Rights Act (hereinafter the "DD Act") of 1975, 42 U.S.C. § 15041, *et seq.*, and the regulations promulgated thereto, the Protection and Advocacy for Individuals With Mental Illness Act (hereinafter "PAIMI Act"), 42 U.S.C. § 10801, *et seq.*, and the regulations promulgated thereto, and the Protection and Advocacy for Individual Rights Act (hereinafter "PAIR Act") 29 U.S.C. § 794e *et seq.*, and the regulations promulgated thereto.

## II.  JURISDICTION AND VENUE

2. This action arises under the laws of the United States. Plaintiff DRW seeks declaratory and injunctive relief pursuant to the PAIMI Act, 42 U.S.C. § 10801, the DD Act, 42 U.S.C. §15041, and the PAIR Act, 29 U.S.C. § 794e, to redress the interference, by Defendant, in DRW's ability to carry out the function of the protection and advocacy system for Washington State by denying DRW the access to individuals with mental illness, and their records that it needs to conduct a full and meaningful investigation in to potential abuse and neglect.

3. Jurisdiction in this matter is asserted pursuant to 28 U.S.C. §§ 1331, 2201 for causes of action arising under the Constitution and federal statutory and common laws of the United States.

4. The rights which the plaintiff seeks to enforce are guaranteed by Congress through the mandates set forth in the DD Act, 42 U.S.C. § 15041 *et seq.*,

COMPLAINT - 2

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, <u>and</u> the PAIR Act, 29 U.S.C. § 794e *et seq.* These Acts establish a mandate for DRW to protect and advocate for individuals with developmental, mental, and physical disabilities who have been abused, neglected, or had their rights otherwise violated.

5. This Honorable Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to the action.

6. An award of monetary damages is inadequate as plaintiff suffers and will continue to suffer irreparable harm from defendants' actions, inactions, policies, and procedures and the violations complained herein.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all parties reside in the State of Washington and the plaintiff's claim for relief arises within this state. The Defendants performed the acts and omissions complained of herein in the State of Washington in this district. This District provides the most convenient forum for the litigation of these issues.

### III. PARTIES

**Plaintiff**

**Disability Rights Washington**

8. Plaintiff DRW, a nonprofit corporation duly organized under the laws of the State of Washington, is the statewide protection and advocacy system

COMPLAINT - 3

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this state who have disabilities, pursuant to the DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e. R.C.W. 71A.10.080(2). DRW maintains its offices at 315 5th Avenue South, Suite 850, Seattle, Washington, 98104.

9. As the duly designated statewide protection and advocacy system for individuals with disabilities in the State of Washington, DRW has the authority and responsibility to pursue legal, administrative, and such other appropriate remedies or relief as may be necessary to protect and advocate for the rights of those persons within the State of Washington who are, or who may be eligible for treatment, services, or habilitation due to their physical and/or mental disabilities pursuant to the DD Act, 42 U.S.C. § 15043, the PAIMI Act, 42 U.S.C. § 108051, and the PAIR Act, 29 U.S.C. § 794e (f).

10. In its capacity as the designated protection and advocacy system for the State of Washington, DRW is entitled to access all persons with disabilities, individually or as a group, receiving services in the State of Washington, including, but not limited to, individuals with disabilities in board and care homes, their legal guardians, and records regarding their treatment, in order to adequately and

COMPLAINT - 4

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

meaningfully protect their rights pursuant to federal and state statutes in regard thereto. 42 C.F.R. § 51.2

11. DRW has and will continue to suffer irreparable harm as a result of defendants' actions or inactions absent preliminary and permanent relief.

**Defendants**

**Penrith Farms**

12. Defendant Penrith Farms is a treatment facility offering therapeutic services to individuals with depression and mood disorders, anxiety disorders, oppositional and defiant behaviors, anger management problems, and other conditions. It is located at 662 Scotia Road, Newport, Washington 99156.

**James Brewster**

13. James Brewster is a co-owner of Penrith Farms. Jim Brewster is also the Director. In this capacity he has overseen the treatment of residents of Penrith Farms and made decisions about how Penrith Farms responded to DRW's requests for records.

**Sherry Brewster**

14. Sherry Brewster is a co-owner of Penrith Farms. In this capacity, she has helped facilitate therapeutic programs at Penrith Farms.

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

**Steven A. Carreras**

15. Steven A. Carreras serves as Clinical Director and Psychotherapist. In this capacity he has made clinical decisions about mental healthcare of residents at Penrith Farms, as well as decisions regarding the production of records in regard to our requests.

## IV.   FACTUAL ALLEGATIONS

16. At all times relevant herein, DRW has been, and is, designated by the Governor of the State of Washington as the protection and advocacy system for those citizens of this state who have mental, developmental, and physical disabilities.

17. DRW, like all of the protection and advocacy agencies currently operating in the other forty-nine states, the federal protectorates (American Samoa, the Commonwealth of the North Mariana Islands, Guam, Puerto Rico, the Republic of Pilau, and the United States Virgin Islands), and the District of Columbia, was originally created pursuant to the mandates of the DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e *et seq.*

18. As a result of the extensive congressional hearings preceding each of the aforesaid statutory enactments, Congress found that there had been an extensive history of unlawful discriminatory segregation, extraordinary

COMPLAINT - 6

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

maltreatment, financial exploitation, neglect, and physical abuse of those individuals who resided in institutional facilities and residential programs throughout the United States.

19. The PADD, PAIMI, and PAIR Acts require that each state, in exchange for receipt of certain federal financial assistance, "effect a system to protect and advocate for the rights of persons" with disabilities and further specify that these systems must have the authority to investigate and pursue legal and other appropriate remedies for those persons. The DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e *et seq.*

20. The Washington State legislature provided for such a system with the enactment of R.C.W. 71A.10.080. Specifically, under the provisions of R.C.W. 71A.10.080(1), the designated protection and advocacy agency "shall have the authority to pursue legal, administrative, and other appropriate remedies to protect the rights of the developmentally disabled, and to investigate allegations of abuse and neglect." Similar authority is granted to the designated protection and advocacy system to "pursue legal, administrative, and other appropriate remedies to protect the rights of the mentally ill persons and to investigate allegations of abuse or neglect" under R.C.W. 71A.10.080(2).

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

21. DRW, in accordance with its congressional mandates, duties, and responsibilities as the designated protection and advocacy agency for the State of Washington under federal and state law, employs attorneys and advocates to perform and provide protection and advocacy services to people in the State of Washington who have mental, developmental, and physical disabilities.

22. DRW's mandate to provide investigative and advocacy services to individuals with disabilities extends to individuals residing in both private and publicly funded facilities.

23. On October 13, 2008, DRW was notified about a resident at Penrith Farms who was reportedly not receiving appropriate mental health treatment and was expressing suicidal ideation.

24. Caller further reported that Penrith Farms staff had informed her that the resident had attempted to steal a knife while at the facility.

25. On October 14, 2008, DRW attorney Emily Cooper spoke with Dr. Steven A. Carreras by phone in an attempt to contact the resident to ascertain whether the individual was being subjected to abusive or neglectful conditions.

26. DRW was told that the individual was unable to speak at that time, but to call back several hours later.

COMPLAINT - 8

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

27. Several hours later, DRW made a second phone call in an attempt to contact the individual. At that time, DRW was denied access by phone to the individual.

28. DRW determined it had probable cause to investigate the potential abuse and neglect at Penrith Farms.

29. On October 20, 2008, DRW attorney Zachary Burr and DRW advocate Craig Awmiller visited Penrith Farms to speak with the resident.

30. The resident informed DRW's representatives about several negative experiences he had while at Penrith Farms.

31. The resident reported that he told staff members at Penrith Farms that he wished to leave.

32. The resident reported that he was told he could not leave.

33. The resident reported that other residents were also told they could not leave.

34. The resident also reported being required to turn over his driver's license and cell phone, among other personal items, to the Penrith Farm staff upon arrival.

35. Other youth at the facility reported to Resident that they, too, had been required to give up personal items.

COMPLAINT - 9

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

36. The resident further reported that, while at Penrith Farms, he was required to work cleaning out the horse barn and doing other manual labor without compensation.

37. The resident reported that other residents were also expected to work without compensation.

38. DRW staff recognized that the allegations made were serious and, if found to be true, would be abusive and could potentially give rise to both criminal and civil causes of action.

39. The resident stated he did not feel safe at the facility.

40. Upon completion of their visit at the facility, DRW attorney Zachary Burr and DRW advocate Craig Awmiller assisted the individual in leaving the facility.

41. Although this one resident was no longer at Penrith Farms, DRW advocate Craig Awmiller and Attorney Zachary Burr determined that not only did they need to investigate whether this resident had been abused or neglected in the past, but there were reports and probable cause to suspect that other residents currently at Penrith Farms may be subject to abuse or neglect.

42. Once the visit was completed and the client was removed from the facility, DRW attorney Zachary Burr requested documents from the facility on December 12, 2008. The request included: documents regarding reports of abuse

COMPLAINT - 10

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

or neglect at the facility; documents regarding investigations into abuse and neglect by the facility; contact information for guardians of any person who has a disability residing at the facility.

43. That request was denied in a December 15, 2008 letter from Penrith Farms. The denial was based on the argument that Penrith Farms is not a facility that renders treatment to the mentally ill.

44. Penrith Farms' website states that "Many of our clients exhibit one or more of the following: Depression and other mood disorders, anxiety disorders…poor impulse control… anger management problems…defiance and oppositional behavior…."

45. Under the PAIMI Act, the term "facility" is any "public or private residential setting that provides overnight care accompanied by treatment services" and may include, but need not be limited to, hospitals, nursing homes, community facilities for individuals with mental illness, board and care homes, homeless shelters, and jails and prisons. 42 C.F.R. § 51.2; 42 U.S.C.A § 10802(3).

46. Some Penrith Farms residents have Axis I diagnoses under the Diagnostic and Statistical Manual of Mental Disorders- IV-TR.

47. There are or have been residents of Penrith Farms who have developmental disabilities.

COMPLAINT - 11

Disability Rights Washington
315 5ᵀᴴ Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

48. Dr. Carreras provides weekly individual and group counseling to residents of Penrith Farms.

49. Dr. Carreras has specific training in treatment of Post Traumatic Stress Disorder (PTSD) and other mental health problems.

50. Penrith Farms provides treatment to people who have mental illness.

51. Penrith Farms has provided treatment to an individual with a developmental disability.

52. Penrith Farms has provided treatment to an individual with a physical disability.

53. People who receive services from Penrith Farms sleep at Penrith Farms.

54. Penrith Farms is a facility which provides treatment to people with mental illness or other disabilities.

55. On January 9, 2009, DRW responded to the denial letter to answer each question raised by Penrith Farms in the previous letter regarding whether DRW's federal access authority applies to private facilities, and whether HIPAA bars the production of the information requested. The request for documents and client contact information was reasserted.

56. This request was denied in a letter of January 12, 2009, in which Penrith Farms questioned whether probable cause existed for DRW to exercise its

COMPLAINT - 12

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

federal access authority. Though this objection was not raised in the initial denial letter, DRW again set out the factual basis and statutory authority on which it based the assertion of probable cause. Again, the request for documents and client contact information was asserted.

57.    On January 23, 2009 Penrith Farms again denied DRW's access authority based on arguments which DRW had provided responses to in its previous correspondence.

58.    As a result of Penrith Farms' refusal to follow federal law, DRW has been denied access to conduct a full and meaningful investigation and has been unable to fulfill its federal mandate to investigate allegation of abuse and neglect at a facility for the treatment of individuals with mental illness, developmental disabilities, traumatic brain injury, or other physical disabilities.

59.    Defendants have been made aware of, and have been informed by DRW of DRW's federal authority to access private facilities that serves individuals with mental illness.

60.    Defendants' acts frustrate the congressionally mandated functions and duties of the protection and advocacy system. The exhaustion of administrative remedies, if any are available, is not required in that plaintiff seeks declaratory and injunctive relief. As described in the foregoing paragraphs, Plaintiff attempted, on

COMPLAINT - 13

numerous occasions, to resolve its access issue with the Defendants. These attempts have proven unsuccessful.

61. Plaintiff has suffered and continues to suffer direct and irreparable injury to its statutory interests in investigating abuse and neglect and monitoring the conditions of care in facilities that treat individuals with mental illness, developmental disabilities, traumatic brain injury, and other disabilities.

62. Plaintiff has standing to bring this action on its own behalf, because the refusal of access by defendants constitutes an injury in fact to plaintiff's legally-protected interests. This injury is concrete, particularized, actual, and imminent. There is a causal relationship between the injury and Defendants' challenged conduct, and a favorable decision by this Court will address the injury.

63. Plaintiff has no adequate remedy at law.

## V.    CLAIMS

64. Violation of DRW's Rights under 42 U.S.C. §§ 10541, *et seq.*, 42 U.S.C. § 10801 *et seq.*, and 29 U.S.C. § 794e.

## VI.    PRAYER FOR RELIEF

65. Wherefore, plaintiff Disability Rights Washington respectfully prays to the Honorable Court for the following relief:

A. For an Order assuming Jurisdiction over this case;

COMPLAINT - 14

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

B.  For an order declaring that Defendant's actions and inactions, as described herein, violate Plaintiff's rights under 42 U.S.C. § 15041, *et seq.* 42 U.S.C. § 10801, *et seq.* 29 U.S.C. § 2201, and the regulations promulgated thereto;

C.  For an Order directing Defendant to immediately provide plaintiff DRW with full, meaningful, and effective access to individuals with disabilities at Penrith Farms without further delay;

D.  For an Order directing Defendant to adhere to the Acts in responding to DRW's access requests; and

E.  For an Order granting Plaintiff such other and further relief as this Court deems just and proper.

Dated this 29th day of January, 2009.

Respectfully Submitted,

DISABILITY RIGHTS WASHINGTON

By: _____
David R. Carlson, WSBA # 35767
Attorney for Plaintiff

COMPLAINT - 15

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729