DAVID CARLSON, WSBA #35767
DISABILITY RIGHTS WASHINGTON
315 Fifth Avenue South, Suite 850
Seattle, WA 98104
(206) 324-1521

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> PENRITH FARMS, JAMES BREWSTER, SHERRY BREWSTER, and STEVEN A. CARRERAS, <br><br> Defendants. | No. CV-09-024-JLQ <br><br> MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |

## I. **INTRODUCTION**

Plaintiff seeks preliminary injunctive relief pursuant to Fed. R. Civ. P. 65(a) to gain immediate full and meaningful access to records and information requested from Penrith Farms. As the designated protection and Advocacy system ("P&A System") for Washington State, Disability Rights Washington has federal mandates to protect and advocate for persons with disabilities. Plaintiff, DRW must be allowed to fulfill its federal mandate to provide protection and advocacy services which include, but are not limited to, investigation of allegations of abuse

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 1

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

and neglect and advocacy to pursue remedies necessary to protect the rights of individuals with disabilities.

Defendants' refusal to abide by the requirements of the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness Act ("PAIMI Act"), 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights Act ("PAIR Act") 29 U.S.C. § 794e, and the regulations promulgated pursuant to the above referenced Acts irreparably harms Plaintiff's ability to fulfill its federal mandate to protect and advocate for the rights of people with disabilities in the State of Washington.

## II. FACTS

In October 2008, DRW received a phone call someone (Caller)[1] concerned about the conditions faced by a family member who resided at Penrith Farms, which is a facility that provides treatment to people with mental illness. Decl. Awmiller ¶¶ 26-28. Caller reported that the resident (Resident) said he was not receiving appropriate mental health treatment, was suicidal, and Caller was told by Penrith Farms staff that Resident had attempted to steal a knife while at the facility.

---

[1] DRW is required to keep the identification of individuals it serves confidential. 34 C.F.R. § 381.31(a).

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 2

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

On October 14, 2008, DRW staff spoke with Defendant Dr. Carreras by phone in an attempt to contact Resident to ascertain whether the individual was abused or neglected. A letter redacting the identity of Resident is attached hereto as Ex. A. DRW was told to call back several hours later because the individual was unable to speak at that time; however, when a second attempt to contact the individual was made, DRW was denied access to the individual. *Id.*

Since DRW was not able to reach the resident by phone, DRW staff visited Penrith Farms to speak with the resident in person on October 20, 2008. Decl. of Awmiller ¶22. The resident informed DRW's representatives about several negative experiences he had while at Penrith Farms. *Id. at* ¶¶ 23-24. The resident reported that, on the day that he arrived, he felt uncomfortable at the facility, and told staff members at Penrith Farms that he wished to leave, but was told by Penrith Farms staff that he could not leave and he must turn over his driver's license, cell phone, and other possessions. Id. at ¶ 23. He reported that other residents had similar experiences. Id. at ¶ 25. The resident also claimed that while at Penrith Farms, he and other residents are forced to work without compensation. Id. at ¶¶ 24-25. The resident stated he did not feel safe at the facility. DRW assisted the individual in leaving. Id. at ¶ 22.

DRW attorney Zachary Burr requested documents from the facility on December 12, 2008 pursuant to the report and probable cause of possible

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 3

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

widespread abuse or neglect. Ex. B. The request included: documents regarding reports of abuse or neglect at the facility; documents regarding investigations into abuse and neglect by the facility; contact information for guardians of any person who has a disability residing at the facility. *Id.* That request was denied by Penrith Farms and DRW made several attempts to address each issue Penrith Farms raised in a series of letters about DRW's access request. See Exs. C-G. In its final letter, Penrith Farms indicated it had no intention to provide any of the records or information requested without a court order, despite being provided with a significant amount of legal authority which clearly describes the federal access authority supporting DRW's request. Ex. G.

As a result of Penrith Farms' refusal to follow federal law, DRW has been denied access to conduct its investigation and has been unable to fulfill its federal mandate to investigate alleged abuse and neglect at a facility which provides treatment to individuals with mental illness, developmental disabilities, or other physical disabilities. Decl. of Stroh ¶ 10.

### III. ARGUMENT

**A. The Plaintiff meets the Requirements for a Preliminary Injunction**

In order for a preliminary injunction to issue, the Court must determine that (1) plaintiff has exhibited a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted; (3)

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 4

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

1 such a balance of hardships favoring the plaintiff; and (4) advancement of the

2 public interest. *National Resources Defense Council, Inc v. Winter*, 518 F.3d 658,

3 (9th Cir. 2007). Plaintiff meets these requirements for a preliminary injunction.

    1.    DRW is Likely to Succeed on the Merits of its Claim that Penrith Farms' Actions were Unlawful.

        (a) As part of its investigation, DRW has a right to records and contact information for residents and their guardians.

DRW, as the P&A System for the State of Washington, has a right to access records and contact information it needs to conduct a full and meaningful investigation. When Congress enacted the DD and PAIMI Acts, it found that individuals with developmental disabilities and mental illness were vulnerable to abuse and neglect and needed the services of P&A systems as a check upon the activities of facilities such as Penrith Farms. 42 U.S.C. §§ 10801, 15001. Each P&A system is mandated under the aforementioned Acts, to investigate and remedy abuse and neglect of persons with mental, developmental, and physical disabilities, and provide them with legal representation and advocacy services. *See e.g.*, 42 U.S.C. § 10801. The DD, PAIMI, and PAIR Acts mandate that designated P&A systems such as Disability Rights Washington have access to those individuals and their records which "includes but is not limited to any reports, whether formal or informal, written or oral, received by the system including media accounts, newspaper articles, telephone calls (including anonymous calls),

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 5

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

from any source alleging abuse or neglect of an individual with a developmental disability." *See e.g.*, 45 C.F.R. § 1386.19.

DRW's mandate also authorizes investigating incidents of possible abuse and neglect which are supported by probable cause which is defined as: "a reasonable ground for belief that an individual with a developmental disability or mental illness has been, or may be, subject to abuse or neglect." The individual making such determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect. 45 C.F.R. § 1386.19. 42 U.S.C. § 1080. Furthermore, it is inappropriate for Defendants to question the grounds of probable cause as DRW is "the final arbiter of probable cause for the purpose of triggering its authority to access all records for an individual that may have been subject to abuse or neglect." *Arizona Center for Disability Law v. Allen*, 197 F.R.D. 689, 695.

The complaint and probable cause standards constitute two different legal standards, either one of which is sufficient to invoke P&A investigatory authority, DRW received a complaint alleging repeated abuse and neglect through a phone call regarding an individual residing at Penrith Farms, and Resident also reported he could not leave because the facility had taken his identification and his cell phone, he had no money and was thousands of miles from home. Decl. of

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 6

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

Awmiller ¶¶ 15, 23. DRW was also able to establish probable cause for an investigation through several conversations with the caller as well as subsequent conversations with the resident. Decl. of Awmiller ¶ 20. In addition to the concerns raised by the caller, the resident made additional allegations and spoke to the systemic nature of Defendants' acts. *Id.* Based on the conversations with the caller and resident, and interactions with the staff before and during a DRW staff visit to the facility, DRW found reasonable ground to believe that individuals with disabilities at Penrith Farms may have been, and may still be, subject to abuse and neglect. DRW thus satisfies the requirements for initiating an investigation of possible abuse and neglect supported by a report and probable cause. 45 C.F.R. § 1386.19

    2.    DRW and the residents of Penrith Farms will continue to suffer irreparable harm if DRW does not receive the records.

Denying a P&A access to records constitutes irreparable harm because "the P&A is being prevented from pursuing fully its right to access records…in pursuit of its duty to investigate circumstances providing probable cause to believe abuse or neglect may be occurring." *Iowa Protection and Advocacy Services, Inc. v. Rasmussen*, 206 F.R.D. 630, 635 (S.D. Iowa, 2001); *See also Wisconsin Coalition for Advocacy, Inc. v. Czaplewski*, 131 F. Supp.2d 1039, 1051 (E.D. Wisc. 2001); *Advocacy Center v. Stalder*, 128 F. Supp.2d 358, 367-68 (M.D. La. 1999). As a result of Penrith Farms' refusal to release the records and contact information,

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 7

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

DRW's function as a P&A is frustrated. If the records are not turned over, DRW cannot conduct a full investigation. *See Wisconsin Coalition for Advocacy, Inc. v. Czaplewski*, 131 F. Supp.2d, 1051. As noted in *Advocacy Inc. v. Tarrant County Hospital District*, 2001 WL 1297688, 4 (N.D. Tex, 2001):

> When a facility…denies or places restrictions on an advocacy agency's access to records, the mandatory provisions relating to authority to investigate incidents of abuse and neglect are rendered nugatory. *Mississippi Prot. & Advocacy Sys., Inc. v. Cotton*, 929 F.2d 1054, 1059 (5th Cir. 1991). This not only hampers redress of past and current abuse and neglect, but has a detrimental effect on the advocacy agency's future performance of its statutory mandate. *Id.* [The P&A system] must have the authority to pursue legal, administrative and other remedies to ensure that the rights of the mentally ill are not violated. 42 U.S.C. 108065(a)(1). Timely access to records is essential for effective communication, *Robbins v. Budke*, 730 F. Supp. 1479 (D.N.M. 1990), and access to patient records is necessary for the P&A system to serve its clients, evaluate client concerns, and determine whether a client has a legal claim. *Id.*

In addition to the harm DRW will suffer directly, residents at the facility may continue to be irreparably harmed by possible unchecked abuse and neglect. The sooner the investigation can take place, the sooner DRW can determine whether abuse and neglect is taking place, and advocate to end any abuse or neglect that may be substantiated.

3. Penrith Farms Will Not be Harmed by Disclosing the Records and Information Because There Will Be No Illegal Breach of Confidentiality.

In its previous refusals to comply with DRW's requests, Penrith Farms claimed that the Health Insurance Portability and Accountability Act (HIPPAA)

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 8

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

prevents disclosure. *Ohio Legal Rights Service v. The Buckeye Ranch, Inc. et al*, 365 F. Supp.2d 877 (S.D. Ohio 2005); *Protection and Advocacy System, Inc. v. Freuenthal*, 412 F. Supp.2d 1211, 1218 (D. Wy. 2006). HIPAA itself provides that protected information may be disclosed when otherwise required by law. 45 C.F.R. § 164.512(a). The United State Department of Health and Human Services which oversees compliance with HIPAA as well as the DD and PAIMI Acts gave further guidance reaffirming the need to cooperate with P&A investigations and not use HIPAA "as a reason not to comply with its other legal obligations." http://www.hhs.gov/hipaafaq/permitted/require/909.html. Attached hereto as Ex. H. Federal courts have confirmed that protection and advocacy systems are allowed access under the "required by law" exception to HIPAA. Therefore, Defendants are still bound by the DD and PAIMI Acts to provide the information when requested by the P&A systems and will not suffer harm by disclosing the information. 849 F. Supp. at 1202.

    4.    The Public Interest Will be Furthered, Not Harmed, by Granting DRW Access to the Records and Contact Information.

Congress drafted the DD and PAIMI Acts because of concern it had over abuse and neglect of individuals with developmental disabilities and mental illness such as those contained in the allegations in the instant matter. As the court noted in *Iowa Protection and Advocacy v. Rasmussen*, "(t)o shield from independent review valuable records of this type of appraisal would directly contradict the

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 9

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

expressly stated public policy of Congress." 206 F.R.D. at 635. Therefore, Penrith Farms' denial of DRW's access undermines the public interest which outweighs any potential harm to Penrith Farms.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this Court issue a preliminary injunction requiring Penrith Farms to provide DRW with the names, addresses, and telephone numbers of the all residents as well as the names, addresses, and telephone numbers of any guardians those residents may have. DRW also requests the Court issue an injunction directing Penrith Farms to provide DRW all internal and external investigation reports in its possession relating to allegations of abuse and neglect by staff against residents. Finally, Plaintiff requests this Court also issue a preliminary injunction forbidding Penrith Farms from further impeding DRW's investigation as it develops.

Dated this 29th day of January, 2009.

Respectfully Submitted,

DISABILITY RIGHTS WASHINGTON

s/David R. Carlson
David R. Carlson, WSBA # 35767
Attorney for Plaintiff

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY
INJUNCTION - 10

Disability Rights Washington
315 5TH Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729