1  DAVID CARLSON, WSBA #35767
   ZACHARY BURR, WSBA #37556
2  DISABILITY RIGHTS WASHINGTON
   315 Fifth Avenue South, Suite 850
3  Seattle, WA  98104
   (206) 324-1521

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> PENRITH FARMS, JAMES BREWSTER, SHERRY BREWSTER, and STEVEN A. CARRERAS, <br><br> Defendants. | No. CV-09-024-JLQ <br><br> MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I. **INTRODUCTION**

Plaintiff, Disability Rights Washington, seeks summary judgment pursuant to Fed. R. Civ. P. 56(c). As the designated Protection and Advocacy system for Washington State, Disability Rights Washington has a federal mandate to protect and advocate for persons with disabilities. Defendants refuse to acknowledge this statutory mandate that Disability Rights Washington provide protection and advocacy services to persons with disabilities. DRW is required to investigate

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 1

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

allegations of abuse and neglect and advocate to protect the rights of individuals with disabilities.

Defendants' refusal to abide by the requirements of the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness Act, 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights Act 29 U.S.C. § 794e, and the regulations promulgated pursuant to the above referenced Acts irreparably harms Plaintiff's ability to fulfill its federal mandate to protect and advocate for the rights of people with disabilities in the State of Washington.

## II. FACTS

See Statement of Specific Facts in Support of Plaintiff's Motion for Summary Judgment.

## III. ARGUMENT

### A. The Plaintiff meets the Requirements for Summary Judgment

Under Fed. R. Civ. P. 56(c), a party is entitled to summary judgment where there is no genuine issue giving rise to a dispute as to material facts and where the party is entitled to judgment as a matter of law. *See*, *e.g. Toscano v. Prof'l. Golf's Ass'n*, 258 F.3d 978, 982 (9th Cir. 2001). "Material Facts" are facts which, under applicable law, may affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A "genuine issue" exists only when the nonmoving

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 2

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

party produces probative evidence in support of its claims on which a trier of fact could reasonably find in the nonmoving party's favor. *Id.* at 248-49; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 93 F.2d 709, 716 (9th Cir. 1990). No genuine issue of fact exists where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indust. Co. Ltd. Et al. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted). The nonmoving party must offer significantly probative evidence to show a genuine issue of material fact, and may not rely upon conclusory allegations of evidence which are merely colorable. *See Anderson*, 477 U.S. 249-50; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 888-89 (1990).

There is no dispute that Disability Rights Washington is the Protection and Advocacy System for the state of Washington (Statement of Specific Facts ¶ 1); that Disability Rights Washington received complaints alleging abuse or neglect (Statement of Specific Facts ¶¶ 2-5, 10-12); that Disability Rights Washington determined it had probable cause to suspect possible abuse or neglect of an individual with a disability (Statement of Specific Facts ¶ 6); or that Penrith Farms refuses to allow Disability Rights Washington access to conduct a full investigation and monitoring of its facility (Statement of Specific Facts ¶¶ 6, 9-11, 14). The only fact which Defendants have previously disputed is whether people with disabilities are served at Penrith Farms.

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 3

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

Time and again, Disability Rights Washington has presented evidence showing Penrith Farms serves people with disabilities. Order Denying Defendants Motion to Dismiss, Ct. Rec. 45, p. 4; *see*, *e.g.* Statement of Specific Facts ¶¶ 3, 19-23, 27-29 (citing Ct. Rec's. 5, 14, 34); *see also* Statement of Specific Facts ¶¶ 30-36 (citing Declaration of Cooper Pura in Support of Plaintiff's Response to Order to Show Cause; Declaration of Awmiller in Support of Plaintiff's Response to Show Cause). Defendants' mere denial of the presence of people with disabilities without offering significant probative evidence supporting these assertions is not sufficient to raise a genuine issue of material fact. *See Anderson*, 477 U.S. 249-50; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 888-89 (1990). Having provided unrefuted evidence satisfying the elements for initiating an investigation into possible abuse and neglect of individuals with mental illness or disability, Disability Rights Washington is entitled to declaratory and permanent injunctive relief as a matter of law. Therefore, Plaintiff meets summary judgment requirements.

**B. Disability Rights Washington Meets the Requirements for Initiating an Investigation and is Entitled to Judgment as a Matter of Law.**

As the federally mandated Protection and Advocacy System in the State of Washington, Disability Rights Washington has a right to access records and other information necessary to conduct a full investigation of possible abuse and neglect of people with mental illness or disabilities. 42 U.S.C. § 15043 (a)(2)(A)(ii) and

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

(a)(2)(J)(i); 42 U.S.C. § 10805 (a)(1)(A) and (a)(3-4); 794e (f)(2); 42 C.F.R. § 51.2; 45 C.F.R. § 1386.19. The federal mandate requires these protection and advocacy services be provided when Disability Rights Washington receives a complaint or has probable cause to suspect abuse and neglect of an individual with a significant mental illness, emotional impairment, developmental disability, or other disability. *Id*. DRW presented unrefuted evidence that there are people with disabilities served by Penrith Farms, and that it received complaints and has probable cause to suspect possible abuse or neglect. Therefore, Disability Rights Washington is entitled to judgment as a matter of law.

### i. Penrith Farms Serves People with Mental Illness and Disabilities

Federal law requires Disability Rights Washington provide protection and advocacy services to people with all types of disabilities. *Id*. In order to fulfill that mandate, protection and advocacy systems are authorized to gain access to locations that have a history of serving people with disabilities and where there *may* currently be people with disabilities served. *Protection & Advocacy For Persons With Disabilities v. Armstrong*, 266 F. Supp.2d 303, 314 (D. Conn. 2003).

> As a number of courts that have considered this issue have concluded, "evidence that a facility has previously housed individuals who are mentally ill, as well as evidence that some current residents *may* be mentally ill is sufficient under PAIMI to merit access by [P & As]." *Hall*, No. 3:01cv-538-H, slip. op. at 3 (citing *Michigan Prot. & Advocacy Serv., Inc. v. Miller*, 849 F. Supp. 1202, 1207 (W.D. Mich. 1994) (concerning training schools, detention facilities and foster care

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 5

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

homes)).

*Id*. (emphasis added)

The Court previously found that there is "sufficient evidence that some residents *may* be mentally ill." Order Denying Defendants Motion to Dismiss (Ct. Rec. 45 p. 4) (emphasis in original); see, also Statement of Specific Facts ¶¶ 3, 19-23, 27-29 (citing Ct. Rec's. 5, 14, 34). Disability Rights Washington has presented evidence from a board certified psychiatrist and neurologist stating that a previous resident, J.S., has significant mental disorders, including bipolar disorder and personality changes based on head trauma. Statement of Specific Facts ¶ 31(citing Ct. Rec. 34). Despite this evidence of J.S.'s significant and numerous disabilities Defendants do not concede that J.S. has significant disabilities.

Defendants' also claim that although they serve many people who have behaviors that could be symptoms of mental illness, emotional impairment, or other disability, Defendant's do not believe any of their residents have disabilities. Statement of Specific Facts ¶ 26 (citing Ct. Rec. 29). *See also* ¶ 25 (citing Ct. Rec. 20, 27). Defendants' unsupported descriptions of their current clients are insufficient to outweigh their previous admissions in their declarations and advertising materials. Statement of Specific Facts ¶¶ 19-23, 27-29 (citing Ct. Rec's. 5, 14). It is clear from their advertising materials that Defendants seek customers by promising to provide counseling under the direction of their clinical

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

director, and a variety of therapies "countless times a day" to people with mental illnesses and disabilities like Depression, other mood disorders, Anxiety, and Attention Deficit Hyperactivity Disorder. Statement of Specific Facts ¶¶ 19-21, 27, 31 (Ct. Rec. 5). The therapy offered includes not only group, individual, and family therapy, but also Dialectic Behavioral Therapy (DBT) which "is a well-established treatment for individuals with multiple and sever psychosocial disorders, including those who are chronically suicidal," and Eye Movement Desensitization Reprocessing which is a treatment recognized by the American Psychiatric Association for patients with acute stress disorders and posttraumatic stress disorder. Statement of Specific Facts ¶ 21 (Ct. Rec. 5); Linda Dimeff and Marsha Linehan, *Dialectical Behavior Therapy for Substance Abusers, Science and Practice in Action*, p. 39-47 (2008), a true and correct copy of which is attached to Declaration of Carlson in Support of Motion for Summary Judgment as Exhibit A; American Psychiatric Association, *Practice Guideline for the Treatment of Patients With Acute Stress Disorder and Posttraumatic Stress Disorder*, p. 32 (2004), a true and correct copy of which is attached to Declaration of Carlson in Support of Motion for Summary Judgment as Exhibit B. Disability Rights Washington has offered several additional admissions made on the Defendants' website which show that by the very design of their business they serve and likely

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 7

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 · Fax: (206) 957-0729

will continue to serve some people with mental illness and disabilities in their facility. Statement of Specific Facts ¶¶ 19-21, 27 (citing Ct. Rec. 5).

The Court provided Disability Rights Washington an opportunity to interview additional residents to discern whether there are, in fact, additional people with disabilities served by Penrith Farms. Order Denying Defendant's Motion to Dismiss, p. 5 (Ct. Rec. 45). During Disability Rights Washington's visit to Penrith Farms, several Penrith residents self identified as being people with disabilities, including individuals with Bi-Polar Disorder, Epilepsy, a Learning Disability qualifying the youth for special education services in high school, Obsessive Compulsive Disorder, and Depression. Statement of Specific Facts ¶¶ 32-35 (citing Declaration of Awmiller in Support of Plaintiff's Order to Show Cause ¶ 9; and Declaration of Cooper Pura in Support of Plaintiff's Order to Show Cause ¶¶ 8, 9, 13, 14).

Penrith Farms' clinical staff also made statements against interest confirming that Penrith Farms does, in fact, serve people with disabilities. John Brewster, who was previously a mental health therapist with a local Medicaid funded mental health provider and special education counselor, currently maintains a case load of five youth at Penrith and identified one current resident as a person with "major mental illness." Statement of Specific Facts ¶ 36 (citing Declaration of Awmiller in Support of Plaintiff's Order to Show Cause ¶ 11; and Declaration

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 8

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

of Cooper Pura in Support of Plaintiff's Order to Show Cause ¶ 10). Another clinical staff, Gina, introduced herself as Penrith Farms' nurse and indicated that Penrith served "youth with autism and borderline schizophrenia." Statement of Specific Facts ¶ 30 (citing Declaration of Cooper Pura in Support of Plaintiff's Response to Order to Show Cause ¶ 11).

Defendants own statements provide substantial evidence that Penrith Farms fits the *Armstrong* test which states the Protection and Advocacy Act applies where a facility has served individuals with mental illness in the past and *may* currently serve individuals with mental illness. Here, Penrith has served people with disabilities in the past, and continues to serve people with disabilities. Order Denying Motion to Dismiss (Ct. Rec. 45, p. 4); Statement of Facts ¶¶ 3, 19-23, 27, 36 (citing Ct. Recs. 5, 34; Declaration of Cooper Pura in Support of Response to Show Cause; and Declaration of Awmiller in Support of Plaintiff's Order to Show Cause). Disability Rights Washington has presented ample evidence that Defendants have served, and may currently serve, people with disabilities as defined by one or more of the Protection and Advocacy Acts. Therefore, Disability Rights Washington has authority under federal law to conduct a full investigation under 42 C.F.R. § 51.2; 45 C.F.R. § 1386.19.

Merely disagreeing with Plaintiff's evidence and the legal conclusions which flow from them is insufficient to sustain a defense to a motion for summary

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 9

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

judgment. To prove the existence of a genuine issue of material fact, the nonmoving party must offer significantly probative evidence, and may not rely upon conclusory allegations of evidence which are at best merely colorable. *See Anderson*, 477 U.S. 249-50; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 888-89 (1990).

Despite several opportunities, Defendants have failed to submit significant probative evidence to refute the claim that people with disabilities and mental illness have been, and may currently be served at Penrith Farms. At the initial prehearing conference, the Court ordered the defendants to present such evidence *in camera*. Order on Status Conference (Ct. Rec. 20, ¶ 20); Statement of Specific Facts ¶ 25 (citing Ct. Rec. 20, 29). Defendants instead offered their own conclusory statements alleging their residents' lack disabilities as defined by the Protection and Advocacy Acts. Statement of Specific Facts ¶ 26 (citing Ct. Rec. 29). Defendants fell short of showing they do not serve people with disabilities, and offered only that they do not choose to consider the individuals they serve as having disabilities, or at least as being disabled enough to warrant DRW's intervention. Statement of Facts ¶¶ 24, 26 (citing Ct. Rec. 14, 29). These conclusions do not rise to the level of establishing a "material fact."

Therefore, in light of the previous factual findings of this Court, additional evidence gathered during Disability Rights Washington's visit to Penrith Farms, and the lack of any significant probative evidence to the contrary, there is no

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

genuine issue of material fact around the issue of whether there are people with mental illness or disabilities are served by Penrith Farms.

### ii. Disability Rights Washington Received Complaints and it Determined it Has Probable Cause to Suspect Possible Abuse and Neglect

The Protection and Advocacy Acts mandate that designated Protection and Advocacy Systems, including Disability Rights Washington, be allowed access to individuals and records in order to investigate complaints of abuse and neglect which it receives. Abuse and neglect in this context have specific statutory and regulator definitions which are independent from other State regulatory or criminal definitions. Neglect, for example, "…includes an act or omission such as the failure to establish or carry out an appropriate individual program plan or treatment plan for an individual with mental illness…." 42 U.S.C. 10802(5). Disability Rights Washington has received information that individuals who have been prescribed psychiatric medications are routinely taken off of them when they arrive at Penrith Farms. Such an action by a facility which does not recognize major mental illness is of great concern and warrants an investigation of neglect by the Protection and Advocacy System.

Moreover, violations of an individual's legal rights can rise to the level of "abuse," triggering the Protection and Advocacy Acts' investigatory authority. The

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

interpretive guidance provided during the regulation promulgation process pursuant to the Protection and Advocacy of the Mentally Ill Act found:

> The Department believes that when an individual's rights as defined in the Bill of Rights for Persons with Mental Illness established by the President's Commission on Mental Health (Title II of the Act) are repeatedly and/or egregiously violated, this constitutes abuse. While the Bill of Rights provides useful guidance, it should not be considered full or limiting as to types of rights violations. It is not necessarily true, however, that every violation of a person's rights is in and of itself "abuse" as defined in the Act. The Department declines the opportunity, however, of defining the threshold at which a violation of an individual's rights constitutes abuse, leaving that decision to the systems which will have intimate knowledge of the situation based on its monitoring of facilities and its discussion with individuals with mental illness.

62 FR 53548, 53551.

Significantly, this interpretive guidance, noting that an egregious rights violation may amount to "abuse," defers to the judgment of Protection and Advocacy system as to whether a particular violation might amount to an abusive practice – similar to the cases concerning the determination of "probable cause" to suspect abuse or neglect as was described by *Arizona Center for Disability Law v. Allen*, 197 F.R.D. 689 (D. Az. 2000); and *Maryland Disability Law Center, Inc. v. Mount Washington Pediatric Hospital, Inc.*, 664 A.2d16 (Md. Ct. of Spec. Apps. 1995).

      The allegations and mounting evidence suggest that Penrith Farms may be routinely systematically violating the rights of the adults they serve. Without a full investigation it would not be fair to any of the parties involved to come to

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 12

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

conclusions as to whether abuse or neglect were actually being committed at Penrith Farms. For the sake of initiating an investigation it should be noted, however, that if the allegations were found to be true they would constitute egregious violations of rights and thus "abuse" as defined by the Protection and Advocacy Acts.

Residents of Penrith Farms and Defendants themselves agree that Penrith Farms places blanket restrictions on communication with the outside world beyond three weekly calls to approved family members. Statement of Specific Facts ¶ 8, 39, (citing Ct. Rec. 5, 29). This blatant practice of restriction would amount to a pervasive and egregious action to take against adults who retain their rights to contact whomever they chose. This practice would strip voluntary residents of civil rights that even persons who are involuntarily committed to locked facilities enjoy. WASH. ADMIN. CODE § 388-865-0561(8) (2009) (Noting right to free access to confidential phone calls) true and correct copy is attached to Declaration of Carlson in Support of Plaintiff's Motion for Summary Judgment as Exhibit C.

Moreover, the location of the facility on an isolated rural wooded farm also makes it difficult, if not impossible, to reasonably expect individuals with disabilities and mental illness will be able to leave if they so choose. Statement of Specific Facts ¶ 40 (citing Ct. Rec. 5). This is particularly true where residents are compelled to give up identification, money, and cell phones upon admission and

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 13

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

not allowed to call for assistance. *Id.* Such were the allegations originally made to Disability Rights Washington. These allegations have not only been corroborated, but Penrith Staff have admitted that they provide the sole transportation for residents to and from town and they would not provide such transportation to an individual who decides he or she would like to leave the program against the wishes of staff. Statement of Specific Facts ¶ 8 (citing Declaration of Cooper Pura in Support of Response to Show Cause ¶ 20). Given the isolated nature of their unlicensed program and the loss of liberty experienced by the residents, the importance of monitoring by the protection and advocacy system is greatly enhanced.

Beyond authorizing investigations of complaints, the statutes also authorize investigation of incidents of possible abuse and neglect which are supported by probable cause. Probable cause is a reasonable ground for belief that an individual with a developmental disability or mental illness has been, or may be, subject to abuse or neglect. 45 C.F.R. § 1386.19; 42 C.F.R. 51.2. The Protection and Advocacy staff charged with making such determination may base the decision on reasonable inferences drawn from his or her experience or training regarding similar incidents, conditions or problems that are usually associated with abuse or neglect. *Id.* Furthermore, courts have held that the Protection and Advocacy System is "the final arbiter of probable cause for the purpose of triggering its

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 14

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

authority to access all records for an individual that may have been subject to abuse or neglect." *Arizona Center for Disability Law v. Allen*, 197 F.R.D. 689, 695 (D. Az. 2000).

The complaint and probable cause standards constitute two different legal standards, either one of which is sufficient to invoke the investigatory authority of the Protection and Advocacy Acts. Disability Rights Washington received a complaint in October 2008 alleging an individual with mental illness was not receiving appropriate treatment. Statement of Specific Facts ¶¶ 2, 3 (citing Ct. Rec. 5). Disability Rights Washington also received complaints from a resident, J.S., on October 20, 2008. Statement of Specific Facts ¶ 4 (citing Ct. Rec. 5). J.S. alleged that he felt uncomfortable upon arriving at Penrith and requested to leave but was told he could not. J.S. reported that he had to turn over his driver's license, phone, and other possessions to Penrith staff. Statement of Specific Facts ¶¶ 4, 5, 10, 11, 12 (citing Ct. Rec. 5).

Additionally, Disability Rights Washington determined it had probable cause to suspect possible abuse and neglect due to the printed and oral information gathered in phone and in person from residents and staff of Penrith Farms. As discussed above, there is ample support for the possibility that residents may be subject to significant ongoing rights violations which would constitute abuse as defined by the Protection and Advocacy Acts. Statement of Specific Facts ¶ 9

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 15

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 • Fax: (206) 957-0729

(citing Ct. Rec. 3). Disability Rights Washington received additional information during its visit to Penrith Farms on April 6, 2009 that corroborated some of these complaints. *See* Statement of Specific Facts ¶¶ 37-38, 40 (citing Decl. of Cooper Pura in Support of Response to Show Cause and Declaration of Awmiller in Support of Response to Show Cause.

Here, there is no genuine issue contesting the fact that Disability Rights Washington received complaints or that it made a determination that it had probable cause to suspect possible abuse or neglect.

### iii. Disability Rights Washington is entitled to Declaratory and Permanent Injunctive Relief as a Matter of Law

There is no genuine issue of material fact regarding Disability Rights Washington's satisfaction of the requirements for initiating an investigation of possible abuse and neglect supported by a complaint and probable cause. 45 C.F.R. § 1386.19; 42 C.F.R. 51.2.

In determining whether to grant summary judgment, the court uses the same test it applies under FED. R. CIV. P. 50 governing judgment as a matter of law. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150-51(2000). Specifically, summary judgment should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.* Citing FED. R. CIV. P. 50(a); and *Weisgram v. Marley Co.*, 528 U.S. 440, 447-448 (2000). Defendants

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 16

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

have not provided sufficient evidence to show they do not serve people with disabilities. Therefore, the court is able to issue a ruling in favor of Disability Rights Washington.

To that end, it is within the Court's discretion to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Disability Rights Washington requests declaratory relief, along with a permanent injunction and any other remedy the court finds necessary, to clarify the responsibility of Defendants to abide by the provisions of the federal Protection and Advocacy Acts. Defendants are unwilling to reconsider their position that they are not required to follow the provisions of the Acts because they interpret disability, mental illness, and emotional impairments quite narrowly and continue to disagree with the courts previous Order stating that Penrith Farms' status as a private company has nothing to do with whether the Protection and Advocacy Acts apply. Declaring the "rights and legal relations" between Disability Rights Washington and Defendants will aid Disability Rights Washington in fulfilling its federal mandate to provide protection and advocacy services to people with disabilities and mental illness. *See id*.

A permanent injunction is also appropriate in the current situation. When, in the Court's discretion, it finds there is "(1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law." It may

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 17

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

issue a permanent injunction. *G.C. and K.B. Invs., Inc. v. Stuart Wilson and Irene Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003), citing *LaDuke v. Nelson*, 762 F.2d 1318, 1330 (9th Cir. 1985). Disability Rights Washington continues to suffer irreparable harm to its privately enforceable rights as a Protection and Advocacy system. *See Hawaii Disability Rights Center v. Cheung et al.*, 513 F. Supp.2d 1185, 1193-94 (D. HI 2007). Nothing short of full and meaningful access to conduct its investigation and the opportunity to provide other protection and advocacy services as mandated by the Protection and Advocacy Acts will remedy the violation of Disability Rights Washington's rights. *See id.*

## IV. <u>CONCLUSION</u>

This court has already ruled that in order to investigate, a threshold showing of mental illness is not required, and that there is sufficient evidence to show that Defendants may serve people with mental illness. Ct. Rec. 45 p. 4. Disability Rights Washington has presented additional information further supporting the presence of people with mental illness and disabilities at Penrith Farms. In addition, it has presented evidence of possible abuse and neglect as evidenced by interactions with residents as well as statement against interest provided by Penrith Farms staff. Disability Rights Washington made repeated attempts to engage Defendants in a discussion about how its residents with mental illness and disabilities will be able to access the federally mandated protection and advocacy

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 18

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

services from Disability Rights Washington.  Despite the Court's earlier order and the additional facts discovered during Disability Rights Washington's visit to Penrith Farms, Defendants continue to refuse to acknowledge the legitimacy of Disability Rights Washington's claim that it is allowed access to provide federally mandated protection and advocacy services to people with disabilities at Penrith Farms.

For the reasons stated above, Plaintiff, Disability Rights Washington respectfully requests this Court grant its Motion for Summary Judgment and declare that as a matter of law the Protection and Advocacy Acts are applicable to Penrith Farms, permanently enjoin Defendants to comply with Disability Rights Washington's lawful requests for access to provide federally mandated Protection and Advocacy services which include investigations of abuse and neglect, monitoring of resident conditions, provision of information and referral services, and other advocacy services as authorized by the Protection and Advocacy Acts, and provide any other remedies the Court deems necessary.

Dated this 14th day of August, 2009.

                               Respectfully Submitted,

                               DISABILITY RIGHTS WASHINGTON

                               s/David Carlson
                               David R. Carlson, WSBA # 35767
                               Zachary Burr, WSBA #37556
                               Attorney for Plaintiff

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 19

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew Sanger (sanger@ssglaw.org).

                                        s/Mona Rennie
                                        Legal Assistant
                                        Disability Rights Washington

CERTIFICATE OF SERVICE

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729